## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

TOSHA EASTERLING,

        Plaintiff,

        v.

U.S. DEPARTMENT OF EDUCATION,

        Defendant.

Civ. No. 15-1367 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Tosha Easterling, appearing *pro se,* filed this action against the U.S. Department of Education ("USDE") in connection with her default on four Stafford Loans she took out to pay for her education at Star Technical Institute. Ms. Easterling's complaint alleges that USDE acted wrongfully in connection with the Treasury Offset Program ("TOP"). Pursuant to that program, in 2014 USDE offset her 2013 federal and state tax refunds against the balance owing on the loans. The federal offset was thereafter partially refunded to her, but she contends that the refund should have been larger. Ms. Easterling also alleges that the interest on the loans is excessive and that the loan balance is inaccurate.

Now before the Court is USDE's motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P. (ECF no. 22) Seeing that the motion was unopposed, I had my clerk contact the attorney for USDE to verify that it was properly served upon Ms. Easterling. The AUSA filed a Certificate of Service, attaching a Shipment Confirmation and Proof of Delivery by FedEx on August 2, 2016. (ECF no. 23)  For the reasons stated herein, USDE's motion for summary judgment will be granted and the complaint will be dismissed with prejudice.

## I. BACKGROUND

### A. USDE Statement of Facts

The following facts are taken from the USDE Statement of Material Facts ("SMF") pursuant to Local Rule 56.1. (ECF no. 22-1) The facts stated therein are properly cited to the record.

*History and Balance of Loans*

Ms. Easterling attended Star Technical Institute in 2008–09. (SMF ¶¶ 1, 2) Beginning in 2006, she took out four Stafford loans to pay for her education: two for $1750 at 6.00% interest; one for $4480 at 6.80% interest; and one for $1520 at 6.80% interest. (SMF ¶ 3)

Ms. Easterling made no payments on her loans from 2008 until 2014. She requested and received forbearance. The result was that unpaid interest was "capitalized" (presumably, added to the principal balance of the loan). She requested and was put on an income contingent repayment plan, which resulted in an additional amount of interest, not to exceed 10% of the principal balance, being capitalized. *See*  34 C.F.R. § 685(b)(3)(iv). (SMF ¶ 21)

Aside from the TOP offsets *see infra*, Ms. Easterling made approximately nine payments of $10 in 2014. (*See* ECF no. 22-19) The applicable regulation, 34 C.F.R. § 685.211(a)(1), provides that payments are applied first to accrued charges and collection costs, then to interest, and then to principal. An attached Financial Transaction Report demonstrates that this was done, and that the running balance was therefore accurate. (SMF ¶ 22)

As of February 15, 2013, Ms. Easterling was in default on all four loans. (SMF ¶ 5) She has not made any payments since that date. (SMF ¶ 23)

Ms. Easterling was sent a notice of default on April 5, 2013. The notice informed her, among other things, that if she did not remedy the default or enter into another acceptable arrangement, USDE could, *inter alia,* refer the matter to the Treasury Offset Program (*see infra*) or to the U.S. Attorney for litigation. Ms. Easterling did not respond or seek administrative review. (SMF ¶

2

7)

As of May 15, 2016, the balances of the four Stafford loans were as follows:

Loan 1 (no. 15404763)   $1069.69 ($835.52 principal, $134.17 interest)

Loan 2 (no. 15404761)   $2974.12.69 ($2547.94 principal, $426.18 interest)

Loan 3 (no. 15404759)   $1022.54 ($876.04 principal, $146.50 interest)

Loan 4 (no. 15404755)   $1052.91 ($922.21 principal, $130.70 interest)

(SMF ¶20. *See also* statement of account, ECF no. 22-19.)

*Tax Refund Offset and Partial Hardship Refund*

The Financial Management Service ("FMS") is the entity that disburses certain federal payments, such as tax refunds. Under the Treasury Offset Program ("TOP"), creditor agencies can have FMS offset delinquent debts against such disbursements. (SMF ¶ 8)

On August 23, 2013, USDE proposed to garnish 15% of Ms. Easterling's wages in satisfaction of the loan debt. On September 15, 2013, she submitted a request for a hearing. Her submission included a Financial Disclosure Statement stating that she could not afford to pay anything toward her loans. (SMF ¶¶ 9–10) USED reviewed the Financial Disclosure Statement, pay stubs, and expense statement, and made a determination that the documentation was not sufficient to justify a decision not to garnish 15% of the plaintiff's pay. (SMF ¶ 11)

On January 9, 2014, USED reconsidered, found there was a financial hardship, and "temporarily suspended garnishment action." The relevant letter stated explicitly that the suspension applied to wage garnishment only. The suspension did not, for example, apply to the Treasury Offset Program. (SMF ¶ 12)

On February 18, 2014, Ms. Easterling's federal tax refund was offset, *via* TOP, in the amount of $8317, against the balance due on her Stafford loans.

3

On March 13, 2014, her state tax refund was similarly offset in the amount of $1248. (SMF ¶ 13) On February 26, 2014, Ms. Easterling objected and requested return of her federal tax refund. Her letter stated that she had been granted a 12 month deferment of collection efforts. On March 14, 2014, USED denied that request. (SMF ¶¶ 14, 15)

USED has no obligation to refund amounts based on financial hardship. It does not deny, however, that it has an internal policy of doing so in appropriate cases. (SMF ¶ 19)

On April 18, 2014, Ms. Easterling sent a request for reconsideration of the TOP offset, citing financial hardship. The request attached a summons and complaint from her landlord, stating that she owed $2600 in back rent and was in jeopardy of eviction. (SMF ¶ 16)

On July 9, 2014, USED initially approved a refund of $3224. (SMF ¶ 17) On July 22, 2014, USED reduced the refund to $2600. This was based on USED's policy of limiting hardship refunds to past due mortgage/rent and medical bills. (SMF ¶ 18)

## B.      Allegations of the Complaint

Because the plaintiff appears *pro se*, I have reviewed the allegations of the Complaint in an effort to identify any material issue of fact. The Complaint alleges that Ms. Easterling was "granted full hardship through a fair hearing and put on a minimum payment from the calendar year from 1/22/14 to 1/22/15." It states that her tax refund for 3013 ($8317 federal and $1248 State) was nevertheless taken by USDE to repay the loans.

The original loan amount was allegedly $9500. Of that total, $4371 was given in a Pell Grant, leaving a balance of $5129. Interest and fees, however, amount to three times that.

The plaintiff alleges that she was put on a payment plan as of January 2014, but feels all of the payments should be applied to interest, which is excessive. The complaint alleges that Ms. Easterling has suffered great

4

hardship, has had her hours reduced at work, has fallen behind in her rent and utility bills, and was evicted and displaced, along with her children, from June–September 2014. The complaint alleges that Ms. Easterling was granted hardship status and was owed $3224 but received only $2600. The complaint seeks a total amount of $7578.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Delaware River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* FED. R. CIV. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient

to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

The plaintiff, Ms. Easterling, has submitted nothing in response to USDE's summary judgment motion. If the opposing party fails to properly address a party's properly supported motion, the court may consider "grant[ing] summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it ...." FED. R. CIV. P. 56(e). Local Civil Rule 56.1(a) deems a movant's statement of material facts to be undisputed where the opposing party does not respond to it or file a counterstatement. L. CIV. R. 56(a). Failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) Even where a local rule deems unopposed contentions to be conceded, the court must still assess the summary judgment motion for legal and factual sufficiency under the standard of FED. R. CIV. P. 56(e). *Id.*; *see also Muskett v. Certegy Check Servs., Inc.*, Civ. No. 08-3975, 2010 WL 2710555 (D.N.J. July 6, 2010) (citing *Anchorage*).

## B.    Refund of TOP Offset

The parties do not dispute that the USDE, pursuant to the TOP, offset Ms. Easterling's 2013 tax refund, *i.e.,* applied it to the balance owing on her Stafford loans. Ms. Easterling's complaint alleges that this was improper, at

least in part, because she demonstrated that she was "granted full hardship through a fair hearing and put on a minimum payment from the calendar year from 1/22/14 to 1/22/15." She received a partial refund of the offset, based on hardship, in the amount of $2600, but she alleges that it should have been more. In particular, she notes that USED initially approved a refund of $3224, but then reduced it to the amount of the back rent claimed by her landlord.

To the extent I have jurisdiction to review the Agency's refund decision, it must be under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* I am empowered thereunder to set aside a final agency decision that is "arbitrary, capricious, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See generally Allentown Mack Sales & Serv. v. NLRB,* 522 U.S. 359, 374 (1998)(court may reverse decision that is outside the scope of the agency's authority, or that is not logical and rational).

There is no genuine, material issue of fact as to whether the Court would reverse the agency's decision here. Ms. Easterling made no payments on her loans from 2008–14, received forbearance, but was eventually declared in default as of February 15, 2013. She did not seek review, but lodged an objection to garnishment of her wages. The agency suspended wage garnishment, but made it very clear that the suspension applied *only* to wage garnishment. I do not doubt Ms. Easterling's truthfulness or the sincerity of her belief as expressed in her Complaint. Nevertheless, I see no evidence that the agency granted a blanket suspension of collection activities that would have encompassed the TOP program. Indeed, the evidence is to the contrary.

Likewise, I see no evidence that the USDE acted outside of its authority or the scope of regulations, or that it acted arbitrarily in seeking to offset the plaintiff's tax refund against the amount she owed.[1] *See, e.g., Jones v. U.S.*

---

[1]      USDE explains the TOP program thus:

The Treasury Offset Program is an offset program administered by the Financial Management Service's ("FMS") Debt Management Services to collect delinquent debts in accordance with 26 U.S.C. § 6402(d) (collection of debts owed to federal agencies), 31 U.S.C. § 3720A (reduction of tax refund by amount of the debts),

*Dept. of Educ.*, No. 09-00088, 2010 WL 10092765, at *4 (S.D.N.Y. Feb. 1, 2010) (upholding TOP decision against summary judgment challenge); *Kelly v. Aman Collections Serv.*, No. 03-6091, 2007 WL 909547, at *7 (D. Minn. Mar. 23, 2007).

The USDE is not obligated by statute or regulation to refund a tax refund offset based on hardship. Nevertheless, it concedes that it does so—and indeed it did so in this case. It was not required to refund the entire amount, or the entire amount requested by the borrower. The applicable regulations do grant discretion to offset, not the entire tax refund, but a "lesser amount . . . [that is] reasonable and appropriate based on the debtor's financial circumstances." 31 C.F.R. § 285.5(d)(1). The power to bring about the same result *via* a refund might be implied.

Although the agency is not obligated by statute or regulation to grant such refunds, it did do so in this case, after due consideration of the evidence submitted by Ms. Easterling. I cannot find violation of any legal standard, or abuse of the agency's "reasonable and appropriate" discretion, in the decision to limit refunds to an amount equal to the borrower's overdue rent (and medical expenses).

Summary judgment is therefore granted to USDE on the claims related to the TOP offset and the $2600 refund.

---

and other applicable laws. FMS disburses federal payments, such as federal tax refunds, for agencies like the Internal Revenue Service, which make federal payments (also known as "payment certifying agencies"). See 31 U.S.C. § 3701(e)(2). "Creditor agencies," such as ED, submit delinquent debts to FMS for collection and inclusion in TOP and certify that such debts qualify for collection by offset. See 31 U.S.C. § 3701(e)(1). Before an eligible federal payment is disbursed to a payee, disbursing officials compare the payment information with debtor information, which has been supplied by the creditor agency, in FMS's delinquent debtor database. If the payee's name and tax identification number match the name and tax identification number of a debtor, the disbursing official is required to offset the payment, in whole or in part, to satisfy the debt. See 31 U.S.C. § 3716(c).

(SMF ¶ 8)

## C.   Excessive Interest/Loan Balance

The Complaint claims that the interest charged on the loans was excessive, that payments should have been applied first to reduce interest, and that (probably as a result) USDE's calculation of the balances owing is inaccurate. As to these claims, too, summary judgment is denied.

First, the interest rates on Stafford loans are set by law at 6.0% for subsidized loans, and 6.8% for unsubsidized loans. *See* 34 C.F.R. §§ 685.202(a)(4)(ii) & (a)(6). That is what was provided for in the loan documents and that is what was charged.

It is true, as plaintiff states, that interest charges have mounted. That is because she made no payments on the loans between 2008 and 2014. By law, such amounts of accrued and unpaid interest were capitalized. *See* 34 C.F.R. §§ 685.205(a), 685.209(b)(3)(iv).

Second, there is no evidence that the loan balances calculated by USDE are inaccurate. USDE submits a statement of account that is regular on its face. (ECF no. 22-19) The claim of inaccuracy, to some degree, seems to rely on claims that I have already rejected. *See supra.*

Ms. Easterling also claims, however, that USDE should have applied her payments first to interest. The priority in which payments are applied is set by law. Payments are applied first to accrued charges and collection costs, then to any outstanding interest, and finally to the outstanding principal balance. *See* 34 C.F.R. §§ 685.211(a)(1). Nothing about the statement of account suggests that the payments were misapplied.

As to these claims, there is no genuine, material issue of fact, and summary judgment is granted to USDE.

### D.  Agency Procedures

USDE hypothesizes that Ms. Easterling might be claiming a violation of due process or failure to adhere to agency procedures. I do not perceive such claim in the Complaint, but I nevertheless discuss the issue briefly.

USDE first notes that there is no statutory or regulatory entitlement to any particular procedure or a hearing regarding a hardship-based refund of a TOP offset. It acknowledges, however, that it has a practice of offering applicants for a hardship-based refund the opportunity to be heard. (SMF ¶ 19)

Ms. Easterling submitted evidence and requested a hearing in connection with wage garnishment. The written submissions, however, were sufficient to persuade USDE to reconsider and suspend the wage garnishment.

Following the USDE's initial denial of the TOP refund, Ms. Easterling made a written submission. She did not specifically request a live hearing, but attached evidence of her landlord's attempts to evict her. Based on that evidence, USDE relented and granted a hardship-based refund in the amount of back rent.

In short, this record does not disclose any violation of proper procedures.

## III.  CONCLUSION

For the foregoing reasons, defendant USDE's motion for summary judgment (ECF no.22) is GRANTED.

Dated:  December 23, 2016

**KEVIN MCNULTY**
**United States District Judge**